The State, *ex rel.* McCray, *v.* Frazier, Superintendent, etc.

Filed Feb. 8, 1888.

---

No. 14,094.

THE STATE, EX REL. McCRAY, *v.* FRAZIER, SUPERIN-
TENDENT, ETC.

GRAVEL ROADS.—*Statute of April 11th, 1885, Construed.—Certificates.—Date of.—Superintendent of Work.—Discretion of.*—Under the provisions of section 11 of the act of April 8th, 1885, concerning gravel and macadamized roads (Acts 1885, 166), the date of the certificates, which the superintendent of the work is therein required to issue, is left to be the

subject-matter of contract in each particular case, and where the contract is silent on that subject the superintendent may exercise a sound discretion in the matter; and there is no abuse of such discretion where he refuses to give to such certificates the same date as the contract, which is entered into long before the commencement of the work.

SAME.—*Rate of Interest Borne by Certificates.*—Such certificates bear six per cent. interest.

From the Clinton Circuit Court.

*J. F. McCray,* for appellant.

*S. H. Doyal* and *P. W. Gard,* for appellee.

HOWK, J.—In this case, the only error assigned by appellant's relator, the plaintiff below, is that the circuit court erred in sustaining defendant's demurrer to his petition and alternative writ of mandate issued thereon.

The suit was commenced in the court below on the 5th day of September, 1887. In his verified petition or complaint, the relator averred that, on the 1st day of December, 1886, he entered into a contract with appellee, superintendent of the Cyclone and Kirklin gravel road, for the construction of such road, in Clinton county, consisting of three several sections, and being of the aggregate length of six and fifty-six hundredths miles, such construction to include grading, gravelling, ditching, piping, culverting and bridging the same, a copy of which contract was filed therewith and made a part thereof; that such road was to be constructed according to the plans and specifications adopted in such contract, whereof a copy was therewith filed and made part thereof; and that, on April 20th, 1887, he entered upon the construction of such road, under such contract, plans and specifications.

And the relator averred that, on the 10th day of September, 1887, he had constructed a sufficient portion of such road, under said contract, to entitle him to an estimate of $2,903.36, as estimated by the engineer in charge, which was made by appellee's order and under his immediate control and personal supervision, and was approved and accepted by

him; that there was due the relator, upon such estimate, according to such contract, the aforesaid sum of $2,903.36; that he was entitled to certificates representing such sum according to said contract and according to the estimates so made and approved as aforesaid; and that said certificates should bear date on December 6th, 1886. And relator further said that, of the amount so due him, appellee had collected from divers persons, against whom assessments were made, the sum of $219, belonging to the relator, and had appropriated the same to his own use; that appellee failed, neglected and refused to deliver the same to him on demand; that he, appellee, had given to said divers persons, against whom estimates were so made, receipts for such sum of money, and failed, neglected and refused to deliver to relator coupons or certificates representing said sum so collected by him and due the relator.

And relator further averred that, on the 1st day of March, 1887, appellee, Frazier, superintendent as aforesaid, issued certificates of assessment for the Cyclone and Kirklin gravel road, with coupons attached thereto, numbered respectively from 1 to 6 inclusive, due respectively in six, twelve, eighteen, twenty-four, thirty and thirty-six months from the 1st day of March, 1887; that said contract was dated on the 6th day of December, 1886, and said certificates should have been dated on that day, and not on March 1st, 1887; and that relator demanded of appellee that he make and execute said certificates and coupons of the date of December 6th, 1886, according to said contract, which he then and since failed, neglected and refused to do.

Wherefore relator prayed that a writ of mandate issue against appellee, Frazier, superintendent as aforesaid, requiring him to execute to the relator said certificates, of the date of December 6th, 1886, in the sum of $2,903.36, with coupons complete, in the respective sums due from said persons, according to estimates made by said engineer, and accepted and approved by appellee as aforesaid, etc.

Appellee's demurrer to the relator's verified complaint and alternative writ of mandate, for the alleged insufficiency of the facts therein stated to constitute a cause of action, was sustained by the court below, and this is the ruling of which relator complains here as error.

Does the relator's complaint or his alternative writ of mandate state facts sufficient to constitute a cause of action, or to entitle him to the extraordinary remedy of which he seeks to avail himself in this suit? This is the question, and the only question, we are required to consider and decide on this appeal.

It is claimed by appellant's counsel, that "this cause involves the construction of section 11 of the act of April 8th, 1885 (concerning gravel and macadamized roads), upon two vital points, viz.: (1) As to when the certificates shall be dated, and (2) the interest due on the same." We set out so much of such section 11 as can be said to have any possible bearing on the points specified, as follows: "He (the superintendent) shall execute certificates which certify the sum assessed against each tract of land respectively, that the same is to be paid in six equal instalments, in six, twelve, eighteen, twenty-four, thirty, and thirty-six months from the date of the certificate, and that the whole amount of the certificate may be paid at any time by the owner of the land against which the assessment is made. Such certificate shall bear six per cent. interest, and if any instalment is not paid when due and demand made, the whole certificate shall become due and payable. Such certificate may be given by the superintendent in payment of any sum due for any labor performed, at the par value thereof; or he may negotiate and sell such certificates at not less than the par value thereof." Acts of 1885, p. 166.

We are of opinion that the first point suggested by appellant's counsel as involved in this cause, namely, "as to when the certificates shall be dated," is left by these statutory provisions, and properly so, to be the subject-matter of contract

in each particular case, or, if the contract is silent on the subject, as in this case, to the sound discretion of the superintendent of the work. The refusal of appellee, as superintendent, in the cause under consideration, to date the certificates of assessments back to December 6th, 1886, and thus give the relator more than four months' interest on the sum of $12,864, *before* he entered upon the construction of the road, as he alleged, "on the 20th day of April, 1887," was not, we think, an abuse of appellee's discretion as such superintendent.

As to the other point involved in the construction of section 11, *supra,* namely, the interest such certificates of assessments shall bear, it seems to us that the provisions of the section above quoted are entirely too plain for construction. Thus saith the statute: "Such certificate shall bear six per cent. interest."

Our conclusion is, that the facts stated by appellant's relator, in his complaint or alternative writ, are not sufficient to constitute a cause of action, or to entitle him to a peremptory writ of mandate against appellee, as such superintendent.

There is no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Dec. 23, 1887 ; petition for a rehearing overruled Feb. 8, 1888.